UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRENDA LEE MALLEY,

    Plaintiff,

    v.            Case No. 24-C-1115

DAVID ALLEN CORDIER,

    Defendant.

## ORDER GRANTING MOTION TO DISMISS

  Plaintiff Brenda Lee Malley, who is currently representing herself, brought this diversity action against Defendant David Allen Cordier, alleging a claim of attorney malpractice stemming from Cordier's representation of Malley in ongoing civil litigation in Los Angeles County. The matter is before the court on Cordier's motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, Cordier's motion will be granted.

  Although Cordier stylizes his motion as one brought under the common law doctrine of *forum non conveniens*, he also cites to Federal Rule of Civil Procedure 12(b)(3). Rule 12(b)(3) is the appropriate mechanism for dismissal here. *Deb v. SIRVA, Inc.*, 832 F.3d 800, 805 (7th Cir. 2016) ("Today, *forum non conveniens* applies in the federal courts only when the other jurisdiction is a foreign one." (cleaned up)); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007). Under Rule 12(b)(3), a defendant can move to dismiss an action for "improper venue." After a defendant "challenges venue, the plaintiff bears the burden of establishing proper venue." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870,

875 (N.D. Ill. 2015) (citing other sources); *Burns v. Joseph Ertl, Inc.*, No. 11-C-0132, 2011 WL 3472370, at *1 (E.D. Wis. Aug. 8, 2011) (citing other sources). The court must accept all the allegations in the complaint as true unless they are contradicted by evidence submitted by the defendant. *Deb*, 832 F.3d at 809. The question of whether venue is improper "is generally governed by 28 U.S.C. § 1391." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

Section 1391 provides three alternative pathways to establishing proper venue, none of which apply here. First, venue is appropriate in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, venue is not proper under § 1391(b)(1) in any district in Wisconsin because Cordier resides in California. *See* Am. Compl., Dkt. No. 4 at 2. Second, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, venue is not appropriate in any district in Wisconsin because all of the events giving rise to Malley's claim took place in California. *See* Am. Compl. at 2–3. It is inconsequential that Malley has resided in Wisconsin since June 2021. Finally, venue is appropriate in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, Cordier is not subject to personal jurisdiction in this district. *Swanson v. City of Hammond*, 411 F. App'x 913, 916 (7th Cir. 2011); *see also Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986); *Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 9, 245 Wis. 2d 396, 629 N.W.2d 662.

It thus follows that venue in this district is improper. Cordier has properly raised an objection to venue, and Malley has failed to meet her burden to show that venue in the Eastern District of Wisconsin is proper. Although the court has discretion to transfer a case where venue

is improper rather than dismiss it, 28 U.S.C. § 1406(a), Malley has failed to make any showing that it would be in the interest of justice to do so here. There appears to be no statute of limitations problem that would prevent Malley from re-filing her action in the proper forum, assuming she has a claim. She offers no excuse for choosing to file her action in this district which was clearly an improper forum and forcing Cordier and the court to needlessly expend resources to address her dispute. *See Ryan v. Hyden*, No. 11–CV–1852 JLS (WVG), 2012 WL 3202598, at *3 (S.D. Cal. Aug. 3, 2012) ("The interest of justice is not served by allowing a plaintiff who committed an obvious filing error in filing in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his action to the proper court."). Dismissal is therefore appropriate under Federal Rule of Civil Procedure 12(b)(3), and the court need not reach Cordier's arguments under Federal Rule of Civil Procedure 12(b)(6).

**IT IS THEREFORE ORDERED** that Cordier's motion to dismiss (Dkt. No. 9) is **GRANTED**. This case is dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 31st day of December, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge